**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHELLE MOUNT, | : | CIVIL ACTION NO. 15-1734 (MLC) |
|  | : |  |
| Plaintiff, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| MARGOT L. SHIKMUS, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**COOPER, District Judge**

**INTRODUCTION**

Defendant Margot L. Shikmus ("Defendant")[1] moves to dismiss the complaint filed by Plaintiff, Michelle Mount ("Plaintiff") under Federal Rule of Civil Procedure ("Rule") 12(b)(1). (Dkt. 5-3 at 5.)[2] Plaintiff opposes that motion, and argues that jurisdiction is proper under 28 U.S.C. § ("Section") 1332. (Dkt. 7 at 8.)

---

[1] Plaintiff names two other groups of fictitious Defendants in this case. (Dkt. 1 at 2.) Plaintiff describes the first group, named as "John Does, 1-10," as "adult individuals whose identities are unknown … but whose conduct may make them liable" in this action. (Id.) Plaintiff describes the second group, named as "ABC Corp.'s, 1-10," as "corporations or other such legal entities, whose identities are unknown … but whose direct conduct or employees' conduct may make them liable to … Plaintiff …." (Id.) The Court, for the purpose of this motion, will reference Shikmus as the sole defendant.

[2] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by referring to docket entry numbers by the designation of "dkt." Pincites reference ECF pagination.

The Court will resolve the motion without oral argument.  See L.Civ.R. 78.1(b).
The Court, for the reasons below, will deny Defendant's motion to dismiss the complaint
without prejudice.

## DISCUSSION

## I.   FACTUAL HISTORY

### A.   The Parties

Plaintiff is a citizen of New Jersey.  (Dkt. 1 at 1.)  Defendant is a citizen of
Pennsylvania.  (Id.; see also dkt. 7 at 4.)

### B.   Facts Underlying this Action

Plaintiff and Defendant were involved in a motor vehicle accident on Whitehorse
Hamilton Square Road in Hamilton Township, New Jersey on April 16, 2013, at
approximately 5:00pm.  (Dkt. 1 at 2; see also dkt. 7 at 5.)  Plaintiff was operating a
vehicle owned by EAN Holdings, LLC d/b/a Enterprise-Rent-A-Car, and Defendant
struck the rear of that vehicle.  (Dkt. 5-3 at 2.)  The New Jersey state police responded at
the scene of the accident, and authored a Crash Investigation Report ("4-16-13 Crash
Investigation Report").  (Dkt. 5-2 at 2.)  According to the 4-16-13 Crash Investigation
Report, Defendant stated that "her foot slipped off the brake pedal causing her to strike"
the rear of Plaintiff's vehicle.  (Id.)

## II.     PROCEDURAL HISTORY

Plaintiff filed the complaint on March 10, 2015.  (Dkt. 1.)  Defendant moved to dismiss the complaint on August 17, 2015.  (Dkt. 5.)  Plaintiff opposed that motion on November 23, 2015.  (Dkt. 7.)[3]

## III.    LEGAL STANDARDS

### A.     Rule 12(b)(1)

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Rule 12(b)(1) at any time during the course of litigation.  Fed.R.Civ.P. 12(b)(1); Iwanowa v. Ford Motor Co., 67 F.Supp.2d 424, 437–38 (D.N.J. 1999).  "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual."  Common Cause of Pa. v. Pa., 558 F.3d 249, 257 (3d Cir. 2009) (internal citation and quotation omitted). "A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because … it does not present a question of federal law, or because … some other jurisdictional defect is present."  Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014).

---

[3] Defendant asks this Court to disregard Plaintiff's opposition papers as untimely filed.  (Dkt. 8.) Counsel for Plaintiff, in response, explains that he "never received electronic notice or notice in any other form that … Defendant filed a Motion to Dismiss (or even an Answer to the Complaint), until November 18, 2015 …."  (Dkt. 9 at 1.)  Thereafter, Plaintiff opposed Defendant's motion on November 23, 2015.  (Id.)  Counsel for Plaintiff contacted the Clerk's Office of this Court on November 24, 2015, and learned that he was not listed as an attorney to receive notice of electronic case filings related to this action.  (Id.)  Counsel for Plaintiff requested to receive notice of electronic case filings related to this action, and subsequently received such notices.  (Id.)  The Court, in light of that remedied administrative oversight, will consider Plaintiff's opposition papers to this motion.

When reviewing a facial attack, a "court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). A court, upon reviewing a facial attack, may dismiss the complaint "only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." Iwanowa, 67 F.Supp.2d at 438.

Factual attacks, in contrast, argue that subject matter jurisdiction is improper "because the facts of the case … do not support the asserted jurisdiction." Aichele, 757 F.3d at 358. The presumption of truth does not extend to factual attacks, "and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Courts are permitted, however, to weigh and consider evidence "outside the pleadings" to decide whether subject matter jurisdiction is proper. Aichele, 757 F.3d at 358 (internal citation and quotation omitted). A court, upon reviewing the merits of the jurisdiction claims, may consider, for example, affidavits, depositions, and testimony to evaluate "factual issues bearing on jurisdiction." Iwanowa, 67 F.Supp.2d at 438. Based upon its review of that evidence, a court may make factual findings, beyond the pleadings, to determine whether jurisdiction is proper. See, e.g., CNA v. United States, 535 F.3d 132, 145 (3d Cir. 2008).

**B.      Subject Matter Jurisdiction under Section 1332(a)(1)**

Pursuant to Section 1332(a)(1), federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

4

exclusive of interest and costs, and is between … citizens of different States …." 28 U.S.C. 1332(a)(1).  A district court generally accepts "a party's good faith allegation" that the jurisdictional requirement exceeding $75,000 is satisfied.  Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995).  Where a defendant challenges whether the jurisdictional requirement is met, however, "the plaintiff … must produce sufficient evidence to justify its claims."  Id.  A court, in order to dismiss a claim for failure to satisfy the jurisdictional requirement, must find "to a legal certainty that the claim is really for less than the jurisdictional amount …."  Id. (emphasis omitted).

## IV.  LEGAL STANDARD APPLIED HERE

### A.    Defendant's Arguments

Defendant contends that any damages related to the accident do not exceed the jurisdictional requirement of $75,000.  (Dkt. 5-3 at 5.)  Defendant, in support of that argument, contends that Plaintiff's alleged spinal injuries cannot amount to $75,000. (Id.)  Specifically, Defendant challenges the complaint on the ground that it "only assert[ed] one count against the named Defendant" and "merely references one injury: 'spinal injuries.'"  (Id.)  With respect to the alleged spinal injuries, Defendant argues that "the facts of the instant matter preclude any extension of federal diversity jurisdiction" because "there is nothing in the complaint that attests to the severity of the injury suffered."  (Id. at 6.)  Defendant also contends that the 4-16-13 Crash Investigation Report indicates that the accident "does not meet the $75,000 case in controversy requirement pursuant to 28 U.S.C. 1332(a)(1)."  (Id. at 8 (emphasis in original).)

### B.    Plaintiff's Arguments

Plaintiff alleges that her injuries "are the direct and proximate result of the negligent and careless manner in which … [Defendant] operated her motor vehicle." (Dkt. 1 at 2.)  She identifies those injuries as "spinal injuries," and claims damages in excess of $75,000.  (Id. at 1–2.)  Plaintiff, in opposition to Defendant's motion, argues that Defendant fails to submit facts as to "whether the amount in controversy exceeds the jurisdictional limit."  (Dkt. 7 at 9.)  Plaintiff also submits, inter alia, the following documents to support her claim for damages related to the alleged spinal injuries: (1) medical treatment records from Robert Wood Johnson University Hospital – Hamilton; (2) medical treatment records from at Hamilton Physical Therapy Services and Princeton Radiology; and (3) interrogatory responses indicating reduced earnings during 2013 and 2014 due to Plaintiff's inability to work.  (Dkt. 7-1 at 2–21; dkt. 7-4 at 2–61; dkt. 7-5 at 1–43; dkt. 7-6 at 2–3; dkt. 7-8 at 5, 15.)

### C.    Analysis

The parties agree that Defendant lodges a factual attack against Plaintiff.  (Dkt. 5-3 at 6; dkt. 7 at 8.)  The parties also concede that Plaintiff and Defendant are citizens of different states.  (Dkt. 5-3 at 4–5; dkt. 7 at 8.)  Thus, the only issue before this Court is whether the pleadings satisfy the jurisdictional requirement sufficient to survive a Rule 12(b)(1) challenge.

Defendant disputes whether Plaintiff pleaded sufficient facts to meet the jurisdictional requirement, and the Court therefore considers the pending motion a factual attack on subject matter jurisdiction.  Pashun v. Modero, No. 92-3620, 1993 WL 185323,

6

at *2 (D.N.J. May 26, 1993).  The Court, having conducted an objective inquiry and weighing the evidence submitted by the parties, finds that $75,000 is not an unrealistic estimate for damages claimed in the complaint.  Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 403 (3d Cir. 2004) ("[E]stimations of the amounts recoverable must be realistic.  The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated.").  Plaintiff submits evidence in support of her claim for damages arising from alleged injuries, discussed supra Sec. IV.B.  Defendant provides no evidence to the contrary.  Accordingly, the Court does not find "to a legal certainty that the claim is really for less than the jurisdictional amount" and will therefore deny Defendant's motion to dismiss the complaint.  Tarbuck, 62 F.3d at 541.

**CONCLUSION**

The Court, for the reasons discussed above, will deny Defendant's motion to dismiss the complaint pursuant to Rule 12(b)(1) without prejudice.  The Court will issue an appropriate order.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:** January 27, 2016